# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GARCIA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>C. NOLL, Warden<br><br>　　　　　Respondent.<br>_____ / | 1:10-cv-00140-DLB (HC)<br><br>ORDER GRANTING PETITIONER'S REQUEST TO AMEND PETITION, DIRECTING PETITIONER TO FILE AMENDED PETITION WITHIN THIRTY DAYS, AND DIRECTING RESPONDENT TO FILE SUPPLEMENTAL RESPONSE TO AMENDED PETITION WHEN FILED<br><br>[Doc. 14] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.  Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on November 25, 2009, in the United States District Court for the Eastern District of California, Sacramento Division.  (Court Doc. 1.)  On January 28, 2010, the petition was transferred to this Court.  (Court Doc. 6.)

On February 9, 2010, the Court directed Respondent to file a response to the petition.  (Court Doc. 10.)

On March 8, 2010, Respondent filed a motion to stay the order to show cause and requests leave to amend his petition to add previously unexhausted claims.  (Court Doc. 14.)  On March 30, 2010, Respondent filed an answer to the petition.

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil

1

Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. Calderon v. United States District Court (Thomas), 144 F.3d 618, 620 (9th Cir. 1998); Bonn v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a). A Court should freely give leave to amend if justice requires. In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." Bonin v. Calderon, 59 F.3d 815, 844-45 (9th Cir.1995) (applying Rule 15(a) in a habeas case).

In this instance, Petitioner filed his request to amend the petition prior to the filing of an answer to the petition. Therefore, Petitioner may amend the petition as a matter of right. Accordingly, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner may file an Amended Petition.

2. An amended petition supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

3. Within thirty (30) days from the date Petitioner files an Amended Petition, Respondent shall file a supplemental answer; and

4. All other provisions of the Court's February 9, 2010, remain in full force and effect.

IT IS SO ORDERED.

Dated:   **April 14, 2010**             /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE